## PAT DAN McCOY v. STATE

No. 32,080. June 22, 1960

*John J. Browne* and *Clyde W. Woody*, Houston, for appellant.

*Dan Walton*, District Attorney, *Samuel H. Robertson, Jr., Jon N. Hughes*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is felony theft; the punishment, ten years.

It was stipulated by appellant and his counsel that the testimony taken on the examining trial should be admitted. It is as follows:

The witness Greenlee, a Mobile oil dealer in the city of Houston, observed appellant in the stockroom of his station on the day charged in the indictment, and, when being asked what he was doing there, answered that he wanted to wash his hands, but the witness noticed that appellant's hands appeared to be clean. Later in the day, Greenlee discovered that twelve boxes of Champion spark plugs of the total value of $66.00 were missing from the stockroom.

The witness Benavides testified that he saw appellant "running out of the back stockroom—where the spark plugs were located" with a box under his arm, that he ran to an automobile and left. The witness Albritton testified that he saw appellant coming out of the service station with "merchandise" under his arm, that he took the license number of the automobile in which appellant left, reported the same to the police, and later identified appellant in a police lineup.

We overrule appellant's contention that the evidence is insufficient to support the conviction and address ourselves to his principal contentions that the record before us here affirmatively reflects that he was not admonished of the consequences of a plea of guilty or that he entered any plea whatsoever to the indictment.

The judgment recites that appellant was admonished and that he entered a plea of guilty. Appellant takes the position that the statement of facts refutes such recitation and should control. There is no showing in the record that these two prerequisites to the entry of a valid plea of guilty were not complied with. At most, the record is silent on the question. To agree with appellant's contention would result in a reversal of a majority of the cases which reach this court because the proceedings relating to the entry of pleas are not evidence adduced upon the trial and are not incorporated in the statements of fact.

The recent case of Alexander v. State, 163 Tex. Cr. Rep. 53, 288 S.W. 2d 779, upon which appellant relies, can have no application here because in that case the question of the failure of appellant to plead was preserved by a proper bill of exception.

Finding no reversible error, the judgment of the trial court is affirmed.