**Lonnie CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40974.**

Court of Criminal Appeals of Texas.

Jan. 24, 1968.

Rehearing Denied March 13, 1968.

**446**

D. C. Gandy, Fort Worth (on appeal only), for appellant.

Frank Coffey, Dist. Atty., John Howze and Gordon Gray, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The offense is burglary; the punishment, enhanced under Art. 63, P.C., by virtue of

two prior felony convictions for offenses less than capital, life imprisonment.

At the hearing on punishment, proof was offered by the state of the two prior felony convictions alleged for enhancement.

The witness, Gordon Gray, an assistant district attorney of Tarrant County, testified that on September 12, 1962, he was present in the Criminal District Court of Tarrant County when appellant entered a plea of guilty in Cause No. 66,668 and was convicted of the offense of burglary and that he was also present in Criminal District Court No. 3 of Tarrant County, on January 31, 1966, when appellant entered a plea of guilty in Cause No. 71,436 and was convicted of the offense of burglary. He further testified that there was no appeal in either case and that each conviction became final.

The state also introduced in evidence certain authenticated prison records as state's exhibits #2 and #3. Such exhibits contained copies of the judgments and sentences in Causes Nos. 66,668 and 71,436.

No objection was made by appellant to the evidence presented by the state to prove the prior convictions.

After counsel for the state and for appellant were notified by the clerk of completion of the record, appellant presented to the court a "Motion for Hearing Under Article 40.09, C.C.P." in which hearing appellant sought to offer proof that he was not duly and properly admonished by the court in Cause No. 66,668, which was one of the prior convictions used by the state for enhancement.

The court refused to permit appellant to offer testimony in support of the motion—which is the basis of appellant's ground of error #1.

Appellant insists that he was entitled to such hearing under Art. 40.09, C.C.P., to make the record speak the truth.

Reliance is also had upon the holdings of this court that the requirements of Art.

26.13, C.C.P., that the court admonish a defendant of the consequences of his plea of guilty are mandatory and the court's failure to comply with the statute may be raised at any time. See: Williams v. State, Tex.Cr. App., 415 S.W.2d 917, and cases therein cited.

Art. 40.09–4, C.C.P., which gives effect to the transcription of a court reporter's notes, reads, in part, as follows:

"* * * provided, however, that the court shall have power, after hearing, to enter and make part of the record any finding or adjudication which the court may deem essential to make any such transcription speak the truth in any particular in which the court finds it does not speak the truth and any such finding or adjudication having support in the evidence shall be final."

We do not construe this provision of the statute as permitting a party to offer additional testimony in the case after the testimony is closed, judgment rendered on the jury's verdict, and sentence pronounced. This statute only permits the court, after a hearing, to enter such finding or adjudication which he deems essential to make the court reporter's transcription of his notes speak the truth.

No objection to the record was made by the parties or the court which called for a hearing under Art. 40.09–7.

Appellant's first ground of error is overruled.

Our holding does not preclude the appellant from attacking the conviction with punishment enhanced under Art. 63, supra, by writ of habeas corpus, on the alleged ground that he was not properly admonished in Cause No. 66,668. Ex parte Muckelroy, 171 Tex.Cr.R. 616, 352 S.W.2d 835.

We overrule appellant's second ground of error, wherein he insists that the evidence is insufficient to "sustain the conviction with enhanced punishment" because the recitation in the judgment in Cause No. 66,668 "and the Court having duly admonished the Defendant as to the consequences of such plea" is not supported by the record and that such statement, standing alone, is insufficient to show that he was in fact "advised as to the possible punishment for the offense for which he was on trial and for which he entered a guilty plea."

Nothing appears in the record which refutes the recitation in the judgment that appellant was duly admonished as to the consequences of his plea. McCoy v. State, 169 Tex.Cr.R. 620, 336 S.W.2d 945.

The judgment is affirmed.