Roy Lee **THOMAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43993.

Court of Criminal Appeals of Texas.

June 29, 1971.

**806**

Billy J. Griswold, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Jim Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is theft of property of a value of over $50.00; the punishment, five (5) years.

Appellant pleaded guilty to the offense before the Court.

■ His first contention on appeal is: "The Defendant is unlawfully restrained without an adjudication or finding of guilt." It appears from the argument ac-

companying this ground of error that appellant contends that the trial court failed to make any finding of guilt or innocence at the time appellant pled guilty. The transcript of the proceedings clearly shows that the Court did find appellant guilty at the time of his plea. As the judgment, dated July 10, 1967 (the day of appellant's trial) recites:

"The Defendant having been indicted in The above entitled and numbered cause for the felony offense of Theft, and this cause being this day called for trial, * * * the Defendant, Roy Lee Thomas * * * appeared in person and by Counsel, Weldon Berry and Franz Borup. * * * The Court, having heard the indictment read, the Defendant's plea thereto, the evidence submitted, and the argument of Counsel thereon, found the Defendant guilty of the offense of Theft, a felony, and assessed the punishment at confinement in the Texas Department of Corrections for 5 years.

"It is therefore considered, ordered, and adjudged by the Court that the Defendant is guilty of the offense of Theft, a felony * * * [etc.] "

The above statements are sufficient to show that the Court found the appellant guilty at the time of this trial. McCoy v. State, 169 Tex.Cr.R. 620, 336 S.W.2d 945.

■ Appellant's next contention is that: "The Defendant is unlawfully imprisoned without a sentence." Appellant's complaint in this ground of error appears to be that the Court failed to pronounce any sentence. We find in the record, a sentence, in proper form, which begins:

"This day this cause being again called, the State appeared by her District Attorney and the Defendant appeared in person and by Counsel, Weldon Berry and Franz Borup, for the purpose of having sentence of the law pronounced in accordance with the verdict and the judgment rendered and entered against him on a former day of this term. And

thereupon the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant to pronounce sentence against him as follows, to-wit: * * *."

Appellant's second ground of error is overruled.

Finding no reversible error, the judgment is affirmed.