**Lewis Lynn WHITMIRE and Mark Clarence Adams, Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 45902.

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Lee A. Chagra, El Paso, for appellants.

Steve W. Simmons, Dist. Atty., and Harry T. Peterson, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of marijuana; the punishment as to the appellant Whitmire ten (10) years, as to the appellant Adams seven (7) years.

The appellants' two contentions on appeal are that:

(1) the record does not reflect that the indictment was read to the appellants in the presence of the jury in accordance with Article 36.01, Vernon's Ann.C.C.P.; and

(2) does not reflect that the appellants were admonished as to the consequences of the plea in accordance with Article 27.13, V.A.C.C.P.

The record on appeal begins with the recitation, "After a jury was empanelled and sworn, the following proceedings took place before the court." The judgment in each case was recorded on "not guilty" forms which were altered. Therefore, the same did not contain the usual recitations concerning admonitions.

We shall discuss, each of the two contentions.

■ One, the prosecutor in charge of the case testified at a hearing on a Motion to Correct the Record that he read the indictment to the appellants in the presence of the jury.

Further, Article 44.24, V.A.C.C.P., provides that it shall be presumed upon appeal that a defendant was arraigned and that he plead to the indictment. Boening v. State, Tex.Cr.App., 422 S.W.2d 469.

Two, at three places in the record we find the admonishments were mentioned.

(1) The docket sheet reflects "Both defendants plead guilty to said indictment after having been admonished as to the consequences of their plea . . . ".

(2) The court's charge to the jury, to which no objections were filed, recites, "The defendants have persisted in entering such plea notwithstanding the Court, as required by law, has admonished the defendants of the consequences of the same."

(3) At the hearing on the Motion to Correct the Record the court stated, "The Court is sure that I admonished them."

Appellants adduced no evidence to refute any of the above, but merely rely upon the failure of the transcription of the Court Reporter's notes to reflect the pleas and the admonishments.[1] In McCoy v. State, 169 Tex.Cr.R. 620, 336 S.W.2d 945, this court held that where the judgment recited that the appellants had been admonished and where there was no showing to the contrary, a silent record would not overcome the presumption that the admonishment had been made. McCoy, supra, has been cited with approval in Clark v. State, Tex. Cr.App., 424 S.W.2d 445; Wilson v. State, Tex.Cr.App., 456 S.W.2d 941; and Ex parte Battenfield, Tex.Cr.App., 466 S.W.2d 569.

■ Since the enactment of Article 40.-09, V.A.C.C.P., we should give to the entire record on appeal the same weight as was given to the judgments in McCoy v. State, supra. Here the record as a whole demonstrates the indictment was read to the appellants in the presence of the jury and that appellants were admonished. Appellants have made no showing to the contrary.

Both of the appellants' contentions are overruled and the judgments are affirmed.

1. In argument we were informed that at present the trial courts of El Paso County are now requiring the presence of the Court Reporter to record all proceedings before the court, including the admonishments. Such practice is to be commended to the other trial courts of this State. This problem and many similar problems would be avoided by such procedure.