**Larry Donnell McCOY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50503.**

Court of Criminal Appeals of Texas.

Nov. 19, 1975.

Grant U. Hardeway, Sr. (On appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Gerald Guerinot, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

The jury convicted appellant of burglary of a building with intent to commit theft. For the purpose of enhancing the punishment it was alleged that he had previously been convicted of felony theft. At the beginning of the punishment phase of the trial, appellant orally moved the court to quash the enhancement allegation in the indictment upon the ground that the "pen papers" did not include the written waiver of the right of trial by jury as required under Art. 1.13, V.A.C.C.P. This motion having been overruled, he entered his plea of "Not true." The jury assessed his punishment at confinement for a period of ten years.

Appellant does not challenge the sufficiency of the evidence and a recital of the facts is deemed unnecessary.

The three grounds of error all raise one basic contention: The *records* of the prior conviction alleged in the indictment

for the purpose of enhancement of punishment were inadmissible in that they did not contain a written waiver of trial by jury signed by appellant and State's counsel approved by the court and filed among the papers of the cause before he entered his plea.

The judgment in the prior case, entirely regular upon its face, contained this recitation:

"The Defendant, in person and in writing, in open court, having waived his right of trial by jury (such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court, and such waiver being with the consent and approval of the District Attorney in writing and filed in the papers of this cause), was arraigned and, in open court, pleaded guilty to the charge contained in the indictment."

Appellant offered no evidence that the written waiver of trial by jury was not in fact executed and filed in compliance with Art. 1.13. Thus, appellant has failed to overcome the presumption of regularity to be accorded the prior judgment and the presumption that the court there followed the law as required by Art. 1.13. *Young v. State,* 488 S.W.2d 820, 821 (Tex.Cr.App. 1972).

*Accord* : *Mullenix v. State,* 443 S.W.2d 264, 265 (Tex.Cr.App.1969); *Whitmire v. State,* 486 S.W.2d 347, 348 (Tex.Cr.App. 1972); *McCoy v. State,* 169 Tex.Cr.R. 620, 336 S.W.2d 945 (1960).

▊ Although none of the cited cases involved Art. 1.13, each is in accord with the general rule that the presumption in favor of the jurisdiction of a court prevails where there is an uncontradicted finding in the record thereof. See and compare *Gutierrez v. State,* 456 S.W.2d 84, 86 (Tex.Cr.App. 1970); *Cherry v. State,* 488 S.W.2d 744, 755 (Tex.Cr.App.1972). See also, 46 Am.Jur.2d, Judgments, § 41, p. 342 (1969); J. Smith,

"Evidence During Punishment Stage," 7 St. Mary's L.J. 38 (1975).

Indeed, appellant says in his brief:

"Appellant recognizes these cases [some of which have been cited herein] as the controlling case law in Texas at the present time, however, Appellant would urge the Court to overrule these precedents in so far as they give a presumption of validity to 'form' recitations of compliance with mandatory procedural steps attendant upon the waiver of fundamental constitutional rights, e. g., right to trial by jury."

Since defendant offered no testimony to rebut the presumption of regularity showing compliance with Art. 1.13, we decline to overrule the line of cases, only a few of which have been mentioned herein, applying such presumption to judgments. Thus, upon the record as presented, the trial court properly admitted the "pen papers."

Affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.