**Luis R. GUTIERREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00059–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 18, 1981.

F. J. Stenberg, San Antonio, for appellant.

Bill White, Dist. Atty., Gregory S. Long, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

BUTTS, Justice.

This is the companion case to *Cantu v. State of Texas,* 625 S.W.2d 56 (1981) and is an appeal from a conviction for the offense of Theft of Property, $200—$10,000. After a joint jury trial, the appellant was found guilty. The court assessed punishment at five (5) years' confinement, but suspended the imposition of sentence and granted five (5) years' probation. The sufficiency of the evidence is not challenged on appeal.

The record reflects that at approximately 3:00 a. m. on March 27, 1978, Victoria Granado was awakened by a knock on the door and she saw two males pushing her son-in-law's automobile out of a parking lot in San Antonio. She did not identify either of the two males as appellant. She telephoned the police, whereupon Officer Saline Barrera of the San Antonio Police Department was dispatched to her address. Just prior to his arrival, Barrera noticed a car stalled on the side of the road. The license number matched the one which was given to him by the radio dispatcher, so he stopped and asked them what was wrong. Appellant, who was behind the wheel of the car answered that they needed a booster to start the car. Subsequently, appellant and a juvenile were placed under arrest for theft of a vehicle. Cantu was arrested a short time later.

At the outset we are confronted with fundamental error in the court's charge and, therefore, do not reach the appellant's ground of error. We reverse and remand the case on the ground that the appellant was deprived of a fair and impartial trial by reason of fundamental error which occurred despite the lack of objection, when, under the circumstances, the trial court charged only abstractly on the law of mistake of fact and failed to apply the law to the facts.

At the trial appellant took the stand in his own defense and testified that he had been awakened about two o'clock in the morning by the co-defendant, Cantu, asking him to get up and help him "push a car." Further, he stated he knew the owner of the car and he believed that Cantu was able to borrow the car by giving the owner ten dollars:

Q. Did you know that the car belonged to him (the owner)?

A. Yes, sir, I did.

Q. Did you really believe that story about ten dollars and borrowing the car for ten dollars?

A. Yeah, I did.

Q. ... When Robert yelled perros, did you suspect something was wrong then?

A. Yes, sir.

Q. But before this and all the way up to this, you just didn't know what was going on, did you?

A. Sure didn't.

Q. And you want this jury to believe that, right?

A. Well, if they believe it.

Later his attorney asked appellant, "Do you want them (the jury) to believe it?" His response was, "Yes, I want them to believe it's true. I want you to believe it's true."

Mistake of fact, Tex.Penal Code Ann. § 8.02, was the crucial defense relied upon by appellant. The trial court defined mistake of fact in the abstract in the jury charge:

**60**

It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

The court, however, did not apply the law to the facts. For some reason not shown by the record, there was no objection to the omission, nor is it assigned as a ground of error. The jury was never told that if they found from the evidence that the appellant through mistake formed a reasonable belief that the co-defendant had given the owner of the automobile ten dollars to borrow his automobile, and that appellant's action in pushing the automobile was based upon that mistaken belief, or if they had a reasonable doubt thereof, they would acquit this appellant.

In *Fennell v. State,* 424 S.W.2d 631, 632 (Tex.Cr.App.1968) the Court of Criminal Appeals stated, "It has been the consistent holding of this court under the provisions of article 36.19, V.A.C.C.P. (former article 666) that a case will not be reversed on appeal because of an error in the charge of the court to which no objection was made, unless the error was calculated to injure the rights of the defendant or unless it appears that he had not had a fair and impartial trial." (Citations omitted.)

 It is well established that the charge, rather than state mere abstract propositions of law and general statements of principles contained in the statutes, must clearly apply the law to the very facts in the case. *Harris v. State,* 522 S.W.2d 199, 202 (Tex.Cr.App.1975), and authorities cited. Fundamental error is presented when error in the charge goes to the very basis of the case so that the charge fails to state and apply the law to the fact issues going to specific defenses. *Williams v. State,* 622 S.W.2d 578 (Tex.Cr.App.1981), *Beggs v. State,* 597 S.W.2d 375, 379 (Tex.Cr.App. 1980), *Fennell, supra.*

This jury charge on mistake of fact does not fully instruct the jury under what circumstances or facts of the case they may convict or acquit the appellant of the of-

fense of theft. The failure of the charge to apply the law to the facts deprived the appellant of a fair and impartial trial. We hold this error to be fundamental error that requires reversal. For the stated reasons the judgment is reversed, and the cause is remanded.