Luis R. **GUTIERREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 004–82.

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 1983.

F.J. Stenberg, San Antonio, for appellant.

---

Bill M. White, Dist. Atty. and Hipolito Canales, Jr., Elizabeth H. Taylor and Gregory S. Long, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

This is a petition for discretionary review brought by the State from the San Antonio Court of Appeals. Appellant was convicted of theft over $200 and assessed a punishment of five years', probated. The Court of Appeals, 625 S.W.2d 58, reversed the conviction because of unassigned fundamental error in the jury charge. Specifically, they found that fundamental error occurred when the trial court charged the jury in the abstract on the defense of mistake of fact but did not thereafter apply that defense to the facts. Appellant did not object to this omission.

Although not mentioned in the opinion of the Court of Appeals, our review of the record in this case shows that appellant made the following objection to the charge:

"(3) Defendant objects and excepts to the charge of the Court as a whole for the reason that it is inadequate to safeguard the legal rights of the accused in that it wholly fails to charge the Jury with respect to the evidence supported defensive issue of Mistake of Fact. In this connection, Defendant moves and prays the Court will instruct the Jury substantially as follows:

" 'It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for the commission of the offense.' "

The record further shows that the trial court charged the jury with the *exact* language requested by appellant as to the defense of mistake of fact.

This Court has held many times that if a defendant requests a charge and that charge is submitted as requested the defendant is in no position to complain of fundamental error in the charge. *Ayers v. State,* 606 S.W.2d 936 (Tex.Cr.App.1980) (on rehearing). A situation very similar to the instant case arose in *Cadd v. State,* 587 S.W.2d 736 (Tex.Cr.App.1979). We quote from that opinion:

"On original submission, the panel concluded there was fundamental error in the court's charge to the jury. Appellant was charged by indictment with possession of a forged writing with intent to *pass* it. V.T.C.A., Penal Code, Sec. 32.-21(a)(1)(C). The court's charge instructed the jury to convict if they found that appellant possessed a forged writing with intent to *issue* it.

"We note that the jury charge in question was requested by appellant and submitted to the jury exactly as it was requested except for two paragraphs not material to the question here presented.
" * * *

"We have held many times that an accused cannot invite error and then complain thereof. [citations omitted] Consequently, if a defendant requests a charge and that charge is given just as requested, he is in no position to complain of any error therein. [citations omitted] We find that the appellant is in no position to complain since the charge given by the court was requested by appellant." 587 S.W.2d at 741

See also, *Cain v. State,* 549 S.W.2d 707, 714 (Tex.Cr.App.1977), cert. denied 434 U.S. 845, 98 S.Ct. 149, 54 L.Ed.2d 111 (1977); *Stiles v. State,* 520 S.W.2d 894 (Tex.Cr.App. 1975). In the instant case, appellant was so satisfied with the charge that he did not even raise a ground of error concerning the charge in the Court of Appeals. Appellant's conviction cannot now be reversed because the charge was fundamentally defective.

The opinion of the Court of Appeals is reversed and the case is remanded to the

Court of Appeals for consideration of the ground of error raised in appellant's brief.

TEAGUE, J., concurs in the result.

MILLER, Judge, dissenting.

I dissent and would adopt the reasoning in the opinion of the San Antonio Court of Appeals.