Raymond Thomas HENRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 87 016 CR.

Court of Appeals of Texas, Beaumont.

June 24, 1987.

Rodney Price, Vidor, for appellant.

Stephen C. Howard, Co. Atty. and David Bosserman, Asst. Co. Atty., Orange, for appellee.

## OPINION

BURGESS, Justice.

A jury found appellant guilty of burglary of a habitation. They further found that he had been previously convicted of a felony, and assessed his punishment at 23 years in the Texas Department of Corrections. In addition, they imposed a fine of $5,000. Appellant brings forth a single point of error.

Prior to the charge on punishment being prepared, the trial judge indicated that the language of *TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 4(c)* (Vernon Supp. 1987) would be included in the charge. Appellant specifically objected to the inclusion of that language. The trial court sustained the objection and submitted the charge to the jury without the provision. Appellant now claims that the failure to include the provision is fundamental error. Appellant must now make the claim of fundamental error because he did not object to the court's failure to include the language. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim. App.1984). In short, he must show "egre-gious harm." *Almanza, supra.* It has long been the law in this state that a defendant cannot complain of error where he requested the charge as given to the jury. *Gutierrez v. State,* 659 S.W.2d 423 (Tex. Crim.App.1983). The rule is no different when a defendant objects to the charge and receives the relief sought. This cannot lead to egregious harm. The point of error is overruled. The judgment is affirmed.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

Appellant's attorney specifically objected to including any part of *TEX.CODE CRIM. PROC.ANN. art. 37.07, sec. 4(c)* (Vernon Supp.1987), in the Court's Charge, at the punishment stage. Then the District Judge said, in effect, that the trial court was going to observe the Defendant's [Appellant's] objection and that he would not submit any part of the instructions as set out in *art. 37.07, sec. 4(c)*. Next, the court below prepared a charge excluding those materials and instructions objected to by the Defendant [Appellant] and resubmitted the punishment charge to the Appellant's attorney. The trial judge asked:

"Does the defendant have any objection to the Charge as presented?

"MR. PRICE: No, Your Honor."

*TEX.CODE CRIM.PROC.ANN. art. 36.- 19* (Vernon 1981) requires that:

"All objections to the charge and to the refusal of special charges shall be made at the time of the trial."

Surprisingly, the only point of error that the Appellant presents on appeal is that the trial court erred in failing to include in the charge the provisions set out in *art. 37.07, sec. 4(c)*. Only fundamental error is urged and argued to us. This Appellant failed to make any objection whatsoever to the court's final charge. We decide nothing is presented for appellate review. *DeRusse v. State,* 579 S.W.2d 224 (Tex.Crim.App. 1979). Additionally, there is nothing presented for appellate review where the Defendant [Appellant] below obtained all the relief that he had requested. *Reese v. State,* 531 S.W.2d 638 (Tex.Crim.App.1976).

I would hold that *TEX.CODE CRIM. PROC.ANN., art. 36.19* (Vernon 1981) disallows any successful, favorable appellate review of the Appellant's sole point of error. No fundamental error is presented. Indeed, if there was any error—and I think there is none—it would be a species of invited error. Appellant cannot complain, on appeal, of that which he invites.

I do not think that it is necessary that we reach the question of "egregious harm". *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.App.1984).

I concur in the affirmance.