Sherry Dolph ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–88–242–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 1, 1988.

Discretionary Review Refused
Nov. 30, 1988.

J. Gary Trichter, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Sherry Dolph Adams, appeals from a trial court order denying her application for a writ of habeas corpus in which she raised double jeopardy claims. The trial court declared a mistrial in her first trial, Cause No. 930,627, after the jury became deadlocked. Appellant claims the State's attempt to retry her for the same offense violates the due process and due course of law guarantees of the federal and Texas constitutions and entitles her to raise double jeopardy and collateral estoppel claims. We affirm.

The State charged appellant with driving while intoxicated ["DWI"] in a two paragraph information in Cause No. 930,627. The first paragraph of the information tracked the language of TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(a)(2)(A) (Vernon Supp. 1988) ["Article 6701*l*–1"], while the second charged her with having a blood alcohol concentration of at least ten percent on the date of the offense. *See* Article 6701*l*–1(a)(2)(B).

The record shows that appellant asked the trial court to submit a three-part verdict form to the jury, based on her contention that the State had alleged three Article 6701*l*–1 "theories" of prosecution. She pointed out that the State accused her of driving in a public place despite either: loss of her normal mental faculties due to ingestion of alcohol, *see* Article 6701*l*–1(a)(2)(A); loss of her normal physical faculties due to ingestion of alcohol, *see Id.;* or a blood-alcohol concentration of over ten percent, *see* Article 6701*l*–1(a)(2)(B). Undoubtedly because TEX.CODE CRIM.PROC. ANN. art. 37.07 § 1(a) (Vernon 1981) requires a general verdict, the trial court denied appellant's motion that the jury be questioned as to each "theory" of prosecution. When she re-urged her request after it appeared the jurors could not reach a verdict, the trial court again refused to comply. When the jurors indicated they were hopelessly deadlocked, the trial court declared a mistrial. Although appellant objected to the mistrial, she concedes it resulted from the jury's failure to reach a verdict. When the State attempted to retry her in the instant case, she raised prior adjudication arguments in an application for a writ of habeas corpus. This appeal ensued after the trial court denied relief.

■ Appellant's jeopardy initially attached after the jury was sworn in her first

trial. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Sewell v. State*, 696 S.W.2d 559, 560 (Tex.Crim.App. [Panel Op.] 1983). The trial court's properly discharging the jury for failing to agree did not terminate that jeopardy. *Ex parte McAfee*, 761 S.W.2d 771, 772 (Tex.Crim. App.1988) (en banc), citing *Richardson v. United States*, 468 U.S. 317, 326, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984). Thus, she remains under her initial jeopardy and cannot claim jeopardy until the jury in the instant case returns a verdict. *McAfee*, at 773; *see Wade v. Hunter*, 336 U.S. 684, 688, 69 S.Ct. 834, 836, 93 L.Ed. 974 (1949). Similarly, a claim of collateral estoppel, or "issue preclusion," will properly lie only when an issue of ultimate fact has been determined by a valid final judgment. *See Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *Ex parte Byrd*, 752 S.W.2d 559, 564 (Tex.Crim.App.1988). Since there was no verdict, no factual issues were resolved.

To support her double jeopardy and collateral estoppel claim, appellant maintains the jury's failure to reach a verdict implies acquittal on at least one of the three "theories" of prosecution. Because this contention invites speculation, she insists the trial court should have submitted her requested three part jury verdict form, one question for each "theory" of prosecution, so as to provide adequate protection of her federal and state double jeopardy rights. In view of the legislative mandate that verdicts be general except in a capital case, we reject appellant's argument. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07 & 37.- 071 (Vernon 1981 & Supp.1988).

We conclude appellant's double jeopardy and collateral estoppel claims have no basis in law.

Accordingly, we affirm the judgment of the trial court.