Miguel VASQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–89–029–CR.

Court of Appeals of Texas,
Austin.

Oct. 25, 1989.

Ray Bass, Austin, for appellant.

Ken Oden, Co. Atty., Alia Moses, Asst. Co. Atty., Austin, for appellee.

Before POWERS, CARROLL and ABOUSSIE, JJ.

PER CURIAM.

A jury found appellant guilty of driving while intoxicated, second offense, and assessed punishment at incarceration for 120 days and a $300 fine. Tex.Rev.Civ.Stat. Ann. art. 6701*l*–1(d) (Supp.1989). On the jury's recommendation, imposition of sentence was suspended and appellant was placed on probation for two years.

■ Appellant first complains that he was denied due process and due course of law because the judge who imposed sentence and set the conditions of probation was not the judge who presided at appellant's trial. This contention is without merit. It is not improper for different judges to sit at different hearings in a case. *Woods v. State*, 569 S.W.2d 901, 903 (Tex. Cr.App.1978).

■ Appellant's remaining contention is that one of the conditions of probation imposed by the trial court is unlawful. The State responds that this question is not properly before us, arguing that the validity of a condition of probation may only be raised on appeal from an order revoking probation for a violation of that condition. The opinions cited by the State as authority, however, are not on point. The proper means to challenge the validity of a condition of probation imposed at conviction is by appeal from that conviction. *Basaldua v. State*, 558 S.W.2d 2, 8 (Tex.Cr.App.1977) (Odom, J., concurring). The reports are replete with such cases. *See, e.g., Cartwright v. State*, 605 S.W.2d 287 (Tex.Cr.

App.1980); *Love v. State*, 702 S.W.2d 319 (Tex.App.1986, no pet.). We therefore turn to the merits of appellant's contention.

Texas Code Cr.P.Ann. art. 42.12, § 3a(b) (Supp.1989)[1] provides that when probation is granted by a jury in a misdemeanor case, the trial court may impose those conditions set out in §§ 6, 6a, and 6b of that statute. Section 6b of art. 42.12 provides, in pertinent part:

(a) When the court having jurisdiction of the case grants probation to the defendant, in addition to the conditions imposed under Section 6 of this article, the court may require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of imprisonment not to exceed 30 days or one-third of the sentence whichever is lesser.

(b) A court granting probation to a defendant convicted of an offense under Article 6701*l*-1, Revised Statutes, and punished under Subsection (d), (e), or (f) of that article shall require as a condition of probation that the defendant submit to:

(1) 72 hours of detention in a jail if the defendant was convicted under Subsection (d) of Article 6701*l*-1, Revised Statutes, as amended; 10 days of detention in a jail if the defendant was convicted under Subsection (e) of Article 6701*l*-1, Revised Statutes, as amended; or 30 days of detention in a jail if the defendant was convicted under Subsection (f) of Article 6701*l*-1, Revised Statutes, as amended;

.  .  .  .  .

(c) A court granting probation to a defendant convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, shall require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days.

The question presented is the proper interpretation of § 6b(b)(1).

Appellant was convicted under art. 6701*l*-1(d). The trial court ordered, as a condition of probation, that appellant be incarcerated for nine days. Appellant argues that under art. 42.12, § 6b(b)(1), the trial court was required to impose seventy-two hours of incarceration, no more, no less, as a condition of probation, and that the nine-day period of incarceration is therefore invalid. The State reads § 6b(b)(1) as imposing only a minimum period of incarceration, and argues that the trial court was free to impose the longer period within the limits of its discretion under § 6b(a).

Article 42.12, § 6b(a) gives to trial courts the discretion to impose a limited period of detention as a condition of probation. Subsections (b)(1) and (c) of § 6b constitute exceptions to this discretionary authority, in that they *require* a period of incarceration when probation is granted in certain cases. Both subsections were enacted at the same time, as part of a larger reformulation of the laws governing driving while intoxicated and related offenses. 1983 Tex.Gen.Laws, ch. 303, §§ 11 and 19. *See also* 1985 Tex.Gen.Laws, ch. 427, § 1.

The mandatory period of incarceration required by § 6b(c) must be "not less than 120 days." Clearly, the legislature intended this to be a minimum, with the trial court free to impose a longer period of incarceration. The mandatory periods of incarceration specified by § 6b(b)(1), on the other hand, are not preceded by the phrase "not less than." This difference in statutory language lends support to appellant's contention that the legislature intended to specify in § 6b(b)(1) the period of incarceration to be imposed as a condition of probation, and not merely set a minimum period as the State argues.

However, in construing a statute this Court must presume that a just and reasonable result was intended. Tex. Gov't Code Ann. § 311.021 (1988). We may also consider the circumstances under which the

---

**1.** Article 42.12 was substantially revised effective September 1, 1989. 1989 Tex.Sess.Law Serv., ch. 785, § 4.17. The statutory language at issue in this cause is now found in art. 42.12, §§ 12 and 13.

statute was enacted, the object sought to be attained, and the consequences of a particular construction. *Id.* § 311.023. When these additional factors are taken into account, this Court concludes that the State's interpretation of § 6b(b)(1) is the correct one.

Trial courts have been authorized to require a period of detention as a condition of felony probation since 1975, and as a condition of misdemeanor probation since 1979. 1975 Tex.Gen.Laws, ch. 341, § 4; 1979 Tex. Gen.Laws, ch. 654, § 1. *See also* 1981 Tex.Gen.Laws, ch. 142, § 1, and ch. 639, § 2; *Custard v. State,* 746 S.W.2d 4 (Tex. App.1987, pet. ref'd). Thus, prior to 1983, persons convicted of driving while intoxicated could be required, as a condition of probation, to serve a period of incarceration of up to thirty days.

As previously noted, art. 42.12, § 6b(b)(1) was adopted in 1983 as part of a legislative package dealing with the problem of intoxicated drivers. As part of this package, the legislature imposed stricter sanctions against those found guilty of the offense. In this context, it is unlikely that the legislature intended to restrict trial court discretion by *shortening* the period of incarceration that could be imposed as a condition of probation in such cases. Instead, the most likely purpose of § 6b(b)(1) was to take away the trial court's discretion *not* to require a period of incarceration when probation was granted in order to insure that those convicted of driving while intoxicated and punished under subsections (d), (e), and (f) of art. 6701*l*–1 would serve at least some time in custody.

The most persuasive argument in favor of the State's interpretation of § 6b(b)(1) is to consider the consequences of appellant's interpretation. Section 6b(b)(1) applies to those defendants having at least one previous conviction for driving while intoxicated (those punished under art. 6701*l*–1(d) and (e)), and to those whose offense is aggravated by a serious bodily injury to another or by the presence of an open container (those punished under art. 6701*l*–1(f)). Persons convicted of driving while intoxicated for the first time (those punished under art.

6701*l*–1(c)) are not covered by § 6b(b)(1), but are still subject to the terms of art. 42.12, § 6b(a). Thus, a defendant placed on probation following his first conviction for driving while intoxicated may be required, as a condition of probation, to serve a period of incarceration of as long as thirty days. Under the circumstances, it would be neither reasonable nor just to limit the period of incarceration imposed on second and subsequent offenders to three and ten days, respectively.

We therefore hold that art. 42.12, § 6b(b)(1) mandates a minimum period of detention for those persons placed on probation after being convicted of driving while intoxicated pursuant to art. 6701l–1(d), (e), and (f). In such cases, trial courts retain the authority granted by art. 42.12, § 6b(a) to require a longer period of detention. Because the nine-day period of incarceration ordered in this cause is less than one-third of the sentence, it is lawful.

The judgment in this cause erroneously states that punishment was assessed by the court. The judgment is reformed to reflect that punishment was assessed by the jury.

As reformed, the judgment of conviction is affirmed.