**Ronald Eugene CHAUNCEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–91–00367–CR.**

Court of Appeals of Texas, El Paso.

July 15, 1992.

Discretionary Review Granted Nov. 4, 1992.

Thomas S. Morgan, Midland, for appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Midland, for appellee, State.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a conviction for driving while intoxicated, enhanced to a felony offense on the basis of two prior D.W.I. misdemeanor convictions. Subsequent to a finding of guilty by a jury, the trial court assessed punishment as follows: (1) two years imprisonment, suspended; (2) eight years probation; (3) with 180 days in jail as a condition of probation; (4) three to twelve months service in a restitution center; (5) followed by intensive supervision; and (6) a $500.00 fine. In eight points of error, Appellant seeks review of the judg-

ment rendered by the trial court. We affirm.

## I. SUMMARY OF THE EVIDENCE

An officer of the Midland Police Department was dispatched to locate a purportedly intoxicated driver in a maroon car that had left the Midland Park Mall. Soon thereafter, the officer spotted the vehicle and began following. The officer testified Appellant drove very slowly, ran a red light and discarded a partially full beer can from the driver's window. The officer activated his emergency lights and siren to stop the vehicle, but the driver continued for approximately four blocks prior to pulling over. After failing to satisfactorily complete field sobriety tests, Appellant was placed under arrest for driving while intoxicated. After being transported to the detention center, Appellant was videotaped, advised of his *Miranda*[1] rights and asked to again perform sobriety tests. After refusing to perform any of the tests or submit a sample of his breath for analysis, Appellant was booked into jail.

## II. DISCUSSION

In Point of Error No. One, Appellant argues the trial court's act of adjusting the volume of the videotape's audio before the jury to preclude the jurors from hearing certain portions of Appellant's responses to the arresting officer caused reversible error. Appellant's argument centers upon the trial judge's physical act of muting of the audio immediately after the officer read him his rights. Initially, Appellant raised the issue in a pretrial motion to suppress the entire audio portion of the videotape. Upon its review of the pertinent case law, the trial court ruled that it would attempt to edit portions of the audio believed to be inadmissible and allow the jury to hear those portions believed to be admissible.

■ We need not resolve the issue in the instant case because Appellant, in oral argument, concedes that error, if any, was not properly preserved. While Appellant

did object to the entire audio portion of the video, as indicated by his motion to suppress, he did not levy a timely or specific objection to the physical actions of the trial judge, the issue that he now challenges. *See Johnson v. State*, 803 S.W.2d 272, 291 (Tex.Crim.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). Since Appellant's complaint on appeal differs from the objection raised at trial, the point presents nothing for review. *DeBlanc v. State*, 799 S.W.2d 701, 718 (Tex.Crim.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991). Accordingly, Point of Error No. One. is overruled.

■ In Point of Error No. Two, Appellant contends the trial court abused its discretion in granting the State's challenge for cause levied against a veniremember. In our review of a trial court's exercise of discretion from a cold record, the trial judge will be granted great latitude and deference in the evaluation of a prospective juror's demeanor. *Cantu v. State*, No. 70,-739, slip op. at 18–19, 1992 WL 116290 (Tex.Crim.App. June 3, 1992). Thus, we are constrained to affirm the lower court's exercise of discretion unless the decision was so clearly wrong as to lie beyond the zone of reasonable disagreement. *Cantu*, No. 70,739, slip op. at 20. *See also Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990) (on own motion for rehearing).

■ The challenged veniremember stated a member of her family suffered from alcohol abuse. When later interviewed by the court, the veniremember stated she would need to be sure that a person found guilty of driving while intoxicated obtained some help. Although she told the court she felt she could be impartial in the assessment of guilt knowing that the court would assess punishment, the veniremember equivocated when again asked by the State whether she could set aside any sympathy from her consideration of the case. When the challenge was levied by the State, the trial court found that based upon the veniremember's overall demeanor,

1. *384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694*     (1966).

the veniremember would have a difficult time remaining fair and impartial.

In ruling upon a challenge for cause, the trial court is governed by Tex.Code Crim. Pro.Ann. art. 35.16 (Vernon 1989 and Supp. 1992). Subsections (a)9 and (b)3 of that article authorize a challenge for cause by the State if the prospective juror has a bias or prejudice in favor of the accused or against any phase of the law upon which the State is entitled to rely for conviction or punishment. Even when either bias or prejudice is not established as a matter of law, the trial court retains the discretion to ascertain whether such bias or prejudice actually exists to the extent that she should be disqualified based upon her tone of voice, overall demeanor and answers to all questions posed. *See Nance v. State,* 807 S.W.2d 855, 866 (Tex.App.—Corpus Christi 1991, pet. ref'd). Since the veniremember was unable to remain unequivocal in stating that sympathy would not play a part in her decision, we are unable to conclude the trial judge's decision was outside the zone of reasonable disagreement. Point of Error No. Two is overruled.

In Point of Error No. Three, Appellant asserts reversible error in the trial court's denial of submission of a requested jury instruction regarding the form of the verdict. Specifically, Appellant requested submission of separate verdict forms to require the jury, upon a finding of guilty, to indicate whether such guilt was due to (1) loss of physical faculties or (2) loss of mental faculties. Appellant, *citing State v. Carter,* 810 S.W.2d 197 (Tex.Crim.App. 1991), contends that the separate verdict forms would insure the verdict was unanimous as to either of the above theories and thus preclude some jurors from finding guilt on one theory while the remaining jurors finding guilt on the second theory. In *Carter,* the Court stated that, in face of a motion to quash a D.W.I. pleading, the State must specify which of the following two types (or both) of D.W.I. offenses it would attempt to prove. The State may

allege intoxication either through "loss of faculties," or by the *per se* alcohol-concentration of the blood, breath, or urine of 0.10 or more. *Id.* at 200. The Court did not require the State to differentiate which specific loss of faculties—physical or mental—it would seek to prove. Thus, Appellant's reliance on *Carter* is misplaced.

Furthermore, Tex.Code Crim.Pro.Ann. art. 37.07, § 1(a) (Vernon 1981) requires "[t]he verdict in every criminal action must be general." *See also Renfro v. State,* 827 S.W.2d 532, 536 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). The Court of Criminal Appeals has specifically held that a trial court has no authority, other than in capital offenses, to submit a charge that is anything but general. *Stewart v. State,* 686 S.W.2d 118, 124 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 866, 106 S.Ct. 190, 88 L.Ed.2d 159 (1985). *See also Adams v. State,* 759 S.W.2d 10, 11–12 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). A D.W.I. conviction under a general verdict is valid if either theory is supported by the evidence, and the instant record does so. *See Sims v. State,* 735 S.W.2d 913, 915 (Tex.App.—Dallas 1987, pet. ref'd). Consequently, Appellant's third point of error is overruled.

In Points of Error Nos. Four and Five, Appellant argues the punishment assessed was unconstitutionally excessive in that the probation provisions of the Texas Code of Criminal Procedure do not allow both confinement in a county jail and the subsequent admittance into a restitution center. *See generally,* Tex.Code Crim.Pro. Ann. art. 42.12 (Vernon Supp.1992).[2] Specifically, Appellant asserts that the detention provisions of Section 13 and the admittance to a restitution center as per Section 18 of Article 42.12 must be used strictly as alternatives and not in conjunction with each other. We disagree.

When our legislature set out to significantly recodify Article 42.12, it pronounced the purpose of the statute as being: "to place wholly within the State courts of

**2.** All references to Article 42.12 or the sections thereunder allude to this statute unless otherwise stated.

appropriate jurisdiction the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of probation, and the supervision of probationers [and] ... to remove from existing statutes the limitations ... that have acted as barriers to effective systems of probations in the public interest." *See* Act of June 15, 1989, ch. 785, § 4.17(1), 1989 Tex.Gen.Laws 3471, 3498. Although Section 18(a) states the requirement that a defendant serve a term in a restitution center is "an alternative to imprisonment," we do not read the provision to mean assessment of a term of imprisonment or a term in a restitution center are to be mutually exclusive. In order to give full effect to the stated purpose of the statute, we conclude that a proper reading of the statute is that serving a term in a restitution center is an alternative to "continued" imprisonment. Thus, imposition of dual jail and restitution center terms is not unconstitutionally excessive as long as the combined total amount of time does not exceed the maximum sentence allowed by law. *See Samuel v. State,* 477 S.W.2d 611, 614 (Tex.Crim.App.1972). Points of Error Nos. Four and Five are overruled.

■ In Point of Error No. Six, Appellant argues the trial court's imposition of two years' confinement in the county jail as probated for eight years is impermissible because such a term of probation is in excess of the maximum sentence of imprisonment allowed by law. Having been adjudged guilty of the offense of driving while intoxicated, enhanced, Appellant was subject to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of no more than five years. *See* Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(e) (Vernon Supp.1992). In support of his contention, Appellant cites *Jaynes v. State,* 673 S.W.2d 198 (Tex.Crim.App.1984), which held it improper to assess punishment at a term of imprisonment, although probated, greater than that which is statutorily allowed. *But see Jaynes,* 673 S.W.2d at 203 (Clinton, concurring in result, but doubting need to read Article 42.12, § 3 "to limit a period of probation to the maximum

term of confinement allowed by the statute.").

In the instant case, Appellant was sentenced to confinement in the county jail for two years which is within the sentence allowed by law. However, the trial judge probated the sentence of confinement for a period of eight years. Where punishment is assessed by the trial court, the period of probation may be fixed "without regard to the term of punishment assessed, but in no event may the period of probation be greater than 10 years...." Tex.Code Crim.Pro. Ann. art. 42.12, § 3. As noted by Judge Clinton, we cannot say "that the Legislature did not intend precisely that which it wrote...." *Jaynes,* 673 S.W.2d at 203 (Clinton, concurring in result). Consequently, we conclude it was not error for the trial judge to probate a proper term of imprisonment for a term greater than the allowable term of actual confinement since the period of probation was not greater than 10 years. Point of Error No. Six is overruled.

■ In Appellant's seventh point of error, he argues the imposition of 180 days' confinement as a condition of probation, as per Article 42.12, Section 12, violated the specific provision contained in Article 42.12, Section 13(a)(1) which pertains specifically to probation for the offense of driving while intoxicated. Section 12 provides that a trial court *may* require a defendant convicted of a felony, but granted probation, to submit to up to 180 days' detention as a condition of probation. Article 42.12, Section 13(a)(1) provides that the trial court, if granting probation, *shall* require a defendant, when applicable, to submit to 30 days' detention as a condition of probation. Appellant argues the specific provision which relates to offenses for driving while intoxicated controls over the general felony provision and, thus, mandates a maximum of 30 days' detention. We disagree.

In support of his contention, Appellant apparently relies upon Section 311.026(b) of the Tex.Gov't Code Ann. (Vernon 1988) which states that a special provision prevails as an exception to the general if a conflict between the two provisions is irrec-

oncilable. However, Section 311.026(a) provides that conflicting provisions shall, primarily, be construed to give effect to both if possible. Tex.Gov't Code Ann. § 311.026(b) (Vernon 1988).

We find provisions are not irreconcilable, thus, effect will be given to both provisions. In consideration of the legislature's stated purpose of "wholly" giving trial courts the responsibility for determining the conditions of probation and removing limitations "that have acted as barriers to effective systems of probations in the public interest," [3] we conclude, as did the Austin Court of Appeals, the legislature did not intend "to restrict trial court discretion by *shortening* the period of incarceration that could be imposed *as* a condition of probation in such cases." [Emphasis in original]. *See Vasquez v. State,* 779 S.W.2d 515, 517 (Tex.App.—Austin 1989, no pet.). Consequently, the legislature intended the mandatory confinement dictated in Section 13(a)(1) to be a minimum which could permissively be enlarged by the trial court in its exercise of discretion pursuant to Section 12. Accordingly, we overrule Point of Error No. Seven.

In his last point of error, Appellant complains the trial court imposed an unreasonable condition of probation in ordering him to pay the costs of alcohol/drug testing every day while on intensive probation. The intensive probation was for a specified period of two months commencing upon the completion of the required 180–day confinement and the subsequent three to twelve month term in the restitution center. Initially, Appellant argues that Article 42.12 does not expressly authorize the required testing for alcohol nor the payment thereof by the probationer. Secondly, Appellant argues the trial court failed to make an express finding regarding his ability to pay such costs. Thus, Appellant argues the condition of probation is unreasonable. We disagree.

Article 42.12, Section 13(d) provides that a probationer required to participate in an alcohol rehabilitation program shall be required to pay for all or part of the costs

associated with such rehabilitation based upon his ability to pay. We again repeat our conclusion that the legislature intended to give trial judges great latitude and broad discretion in the determination of the conditions of probation pursuant to the provisions of Article 42.12. It is certainly within the court's discretion to attempt to assist a probationer convicted of subsequent offenses for driving while intoxicated by ordering his submission to alcohol testing. As such, this requirement is part of the cost of personal rehabilitation which the trial court may order a probationer to pay. Additionally, the record in the instant case establishes that a probation officer prepared and submitted a required presentence investigation report that contained an evaluation of the course and conduct necessary for the alcohol rehabilitation of Appellant. The presentence report showed Appellant's current financial status indicating a monthly income of $1,700 plus his wife's $1,100 monthly income. Moreover, Appellant introduced evidence that indicated his wife's "take-home" pay was $700 per month, thus emphasizing the need to grant Appellant probation in lieu of time in the penitentiary. Appellant made no specific challenge to the presentence report's finding regarding income. While Section 13(d) requires a court to consider the probationer's ability to pay, there is no statutory requirement that the trial court make an express finding thereof. Since nothing in the record affirmatively indicates he cannot comply with the conditions of probation as imposed, Appellant has failed to overcome the presumption of regularity to be afforded documents introduced into evidence, and we will presume the trial court properly considered the probationer's ability to pay for his personal rehabilitative costs, as required by Article 42.12. *See generally, Stacy v. State,* 819 S.W.2d 860, 863 (Tex. Crim.App.1991); *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App.1984, on rehearing); *McCoy v. State,* 529 S.W.2d 538, 539 (Tex.Crim.App.1975); *Young v. State,* 488 S.W.2d 820, 821 (Tex.Crim.App.1972); *Valdez v. State,* 826 S.W.2d 778 (Tex.

---

3. See Act of June 15, 1989, ch. 785, § 4.17(1), 1989 Tex.Gen.Laws 3471, 3498.

App.—Houston [14th Dist.] 1992, n.p.h.). Additionally, Appellant's counsel, during closing argument at the punishment hearing, asked, "[w]hy not give him some long-term counseling and test him frequently? That way his family can be supported." In assessing a period of probation to Appellant, who had been convicted of driving while intoxicated on six previous occasions, the trial court apparently acceded to his request. Accordingly, Appellant will not be heard to complain on appeal for actions taken by the trial court at his request. *See Gutierrez v. State,* 659 S.W.2d 423, 424 (Tex.Crim.App.1983); *Bustillos v. State,* 832 S.W.2d 668, 672 (Tex.App.—El Paso 1992, n.p.h.). For the foregoing reasons, Point of Error No. Eight is overruled.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.