IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-460-CR





CLIFTON HARRIS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY



NO. 21,526, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING



 




 Appeal is taken from a conviction of the misdemeanor offense of driving while
intoxicated, second offense. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1(d) (West Supp. 1993). 
Trial was before the court upon a plea of guilty. Punishment was assessed at confinement in jail
for two years, probated and a $700 fine. In a single point of error, appellant asserts that the trial
court erred in requiring him to submit to a period of fifteen days detention as a condition of
probation. We will overrule appellant's point of error and affirm the judgment of the trial court.

 Texas Code Crim. Proc. Ann. art. 42.12, §§ 12 & 13 (West Supp. 1993) permits
detention as a condition of probation in certain instances. The pertinent provisions of sections 12
and 13 provide:



 Sec. 12. When the court having jurisdiction of a misdemeanor case grants
probation to the defendant, the court may require as a condition of probation that
the defendant submit to a period of detention in a county jail or community
corrections facility to serve a term of imprisonment not to exceed 30 days and
serve up to 100 hours of community service. In a felony case the court may
require as a condition of probation that the defendant submit to a period of
detention in a county jail to serve a term of imprisonment not to exceed 180 days.


 Sec. 13. (a) A court granting probation to a defendant convicted of an offense
under Article 6701l-1, Revised Statutes, and punished under Subsection (d), (e) or
(f) of that article shall require as a condition of probation that the defendant submit
to:


 (1) 72 hours of detention in a jail if the defendant was convicted under
Subsection (d) of Article 6701l-1, Revised Statutes; 10 days of detention in a jail
if the defendant was convicted under Subsection (e) of Article 6701l-1, Revised
Statutes; or 30 days of detention in a jail if the defendant was convicted under
Subsection (f) of Article 6701l-1, Revised States; and . . .



 Conviction in the instant cause was under article 6701l-1(d). Appellant contends
that under article 42.12, section 13(a)(1) the sentencing court is limited to imposing seventy-two
hours of detention as a condition of probation. The basis of appellant's argument is that section
12 is a general statute vesting courts with the discretion to require a period of detention of up to
thirty days in misdemeanor while section 13(a) is a special statute dealing specifically with
detention of probation in certain driving while intoxicated cases. Appellant asserts that the
specific provision relating to driving while intoxicated controls over the general misdemeanor
provision. See Ogilvie v. State, 711 S.W.2d 365, 367 (Tex. App.--Dallas 1986, pet. ref'd). 
Without the words "not less than" preceding section 13(a)(1), appellant urges that seventy-two
hours is the only period of detention that may be imposed as a condition of probation for driving
while intoxicated, second offense.

 In State v. Rogers, 782 S.W.2d 303 (Tex. App.--Dallas 1989, no pet.), cited by
appellant, the defendant was convicted of driving while intoxicated, first offense; however
punishment was enhanced under the provisions of subsection (f) of art. 6701l-1 upon defendant's
plea of true to an enhancement paragraph alleging that defendant had an open container of
alcoholic beverage in his immediate possession. The court reasoned that when viewed together,
the driving while intoxicated and probation statutes "reveal a common scheme to reduce the
confinement connected with probation to a period less than that connected with a conviction
without probation." Id. at 304. The Rogers court concluded that the lesser penalty set forth in
the specific provision relating to driving while intoxicated cases controlled over the general
misdemeanor provisions. Id. at 304.

 In Vasquez v. State, 779 S.W.2d 515 (Tex. App.--Austin 1989, no pet.), this Court
was asked to construe the predecessors to sections 12 and 13. Act of May 27, 1983, 68th Leg.,
R.S., ch. 303, § 11, 1983 Tex. Gen. Laws 1590 (Tex. Code Crim. Proc. Ann. art. 42.12, §
6b(a), (b)(1), since amended and renumbered). Under article 42.12, section 6b(a) as it then read,
courts were vested with the authority to require a term of detention "not to exceed 30 days or one-third of the sentence whichever is lesser" in misdemeanor cases generally. Section 6b(b)(1)
provided that a court "shall require" as a condition of probation following an article 6701l-1(d),
(e), or (f) conviction that the defendant submit to detention for seventy-two hours, ten days, or
thirty days, respectively. The defendant advanced the same argument in Vasquez as appellant in
the instant cause. This Court rejected the argument, reasoning that it would be "neither
reasonable nor just" to require a jail term of up to thirty days as a condition of probation
following a defendant's first DWI conviction, while limiting a second offender to a jail term of
only seventy-two hours. Id. at 517. This Court concluded that section 6b(b)(1), now section
13(a)(1), mandated a minimum period of detention for persons placed on probation following
convictions pursuant to article 6701l-1(d), (e), and (f), and that trial courts in such cases retained
the authority under section 6b(a), now section 12, to require longer periods of detention. Id.

 In Chauncey v. State, 837 S.W.2d 179 (Tex. App.--El Paso 1992, pet. granted on
other grounds), defendant was convicted of driving while intoxicated enhanced to a felony offense
based on two prior driving while intoxicated convictions. Chauncey contended that the imposition
of 180 days confinement as a condition of probation under article 42.12, section 12 violated the
specific provision in section 13(a)(1) providing for thirty days detention when the defendant was
convicted under subsection (f) of article 6701l-1. Citing Vasquez, the Chauncey court concluded
that the legislature did not intend to limit the trial court's discretion by "shortening the period of
incarceration that could be imposed as a condition of probation in such cases." Id. at 184. 
Moreover, the Chauncey court noted the stated purpose of article 42.12 is to give trial courts the
responsibility for determining the conditions of probation and to remove limitations that could
"have acted as barriers to effective systems of probation in the public interest." See Tex. Code
Crim. Proc. Ann. art. 42.12, § 1 (West Supp. 1993).

 We conclude that the legislature did not intend to restrict the trial court's discretion
by shortening the period of detention to seventy-two hours as a condition of probation in driving
while intoxicated, second offense cases. The fifteen-day period of detention ordered in this cause
is less than the maximum of thirty days authorized in section 12. Accordingly, appellant's point
of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Affirmed

Filed: December 8, 1993

Do Not Publish










* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).