Opinion issued August 17, 2006
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-98-01255-CR
____________________

MATTHEW JAMES LEACHMAN, Appellant

V.

THE STATE OF TEXAS, Appellee
                                                                                                                                     

On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 786224
                                                                                                                                       

MEMORANDUM OPINION ON REMAND
          A jury found appellant, Matthew James Leachman, guilty of aggravated sexual
assault of a child, and the trial court assessed punishment at 40 years’ confinement. 
In seven points of error, appellant, representing himself pro se, contends that the trial
court erred in overruling his (1) motion to dismiss for denial of counsel, (2) request
to represent himself, pro se, (3) motion to suppress evidence, (4) request to admit
testimony of the victim’s sexual behavior, (5) objection to hearsay testimony, (6)
objections to the State’s final argument, and (7) request for a hearing on his motion
for new trial.
          We previously sustained appellant’s seventh issue


 and, by our order of July
26, 2001, abated this appeal for the trial court to conduct a hearing on appellant’s
motion for new trial. A hearing was conducted, and a record of those proceedings
and supplemental briefs from the parties are now before this Court. After the motion
for new trial hearing, appellant raised two additional points of error asserting that (8)
the trial court abused its discretion in denying his motion for new trial, and (9) he is
being denied a fair appeal. On April 8, 2004, we affirmed the judgment of the trial
court. Leachman v. State, 2004 WL 744820 (Tex. App.—Houston [1st Dist.] 2004). 
          The Court of Criminal Appeals subsequently granted appellant’s petition for
review, and, in an unpublished opinion, vacated this Court’s judgment, and ordered
reconsideration of appellant’s fourth point of error pertaining to the trial court’s
refusal to allow appellant to cross-examine the complainant in accordance with Rule
of Evidence 412 (b)(2)(E). Leachman v. State, No. PD-0517-05, 2005 WL 2990698
(Tex. Crim. App. Nov. 9, 2005) (not designated for publication). 
          We affirm.
Background
          In 1995, the complainant, who, at the time, was a nine-year-old boy, met the
23-year-old appellant at the Memorial Crest Apartments where the complainant lived
with his grandmother. Appellant, who was using the alias, Perry Hootman, and his
roommate, Andrew Smith, also lived in the Memorial Crest Apartments. Appellant
approached the complainant and a friend and asked if they wanted to go swimming. 
After swimming, the boys went to appellant’s apartment where he showed them his
projection television and video games. In addition to the television and video games,
appellant had computers and videos the boys could use. While the complainant’s
friend played a video game, appellant took the complainant into his bedroom where
he sexually assaulted the complainant for the first time, by showing the complainant
appellant’s penis and having the complainant rub it.
          The complainant returned to appellant’s apartment several times following the
initial assault. Appellant allowed the complainant to play video games, watch
movies, and use the computer. On multiple occasions, appellant sexually assaulted
the complainant through the use of bribes and games. The sexual assaults consisted
of oral sex, masturbation, contact between the complainant’s anus and appellant’s
penis and vice versa.
          After the complainant and his grandmother moved from the apartments, he told
his mother and grandmother that appellant had “done things” to him, but provided no
details. Neither woman followed up on the conversation.
          In March of 1996, Federal Bureau of Investigation Special Agent Mark Young
executed a search warrant on appellant’s apartment based on a federal investigation,
which indicated that appellant and Andrew Smith were in possession of child
pornography. Due to information gathered in the course of the investigation, Agent
Young believed a child would be in the apartment at the time the warrant was
executed. For assistance, he contacted Houston Police Officer James Chapman
assigned to the Sex Crimes Unit of the Juvenile Division.
          During the search, computers, computer software, and hundreds of photographs
depicting young boys were seized. Because of his observations during execution of
the search, the items seized and information gathered, Officer Chapman canvassed
the apartment complex to find children who may have had contact with the appellant. 
This investigation led Officer Chapman to the complainant. Officer Chapman
contacted the complainant’s grandmother and arranged to meet the complainant at
their apartment. When Officer Chapman arrived, the complainant was frightened and
hiding in the closet. After talking to the complainant through the door, Officer
Chapman eventually convinced the complainant to come out and speak with him. In
a videotaped statement, the complainant later detailed the sexual abuse committed by
appellant.
Denial of Counsel
          In point of error one, appellant contends that the trial court erred in denying his
motion to dismiss because he was denied a fair trial when the trial court failed to
appoint counsel when appellant was first charged in Texas.
          On March 13, 1996, the FBI arrested appellant on a federal indictment and
transferred him to custody in the Western District of Pennsylvania. On April 15,
1996, the State of Texas filed seven charges against appellant, including, in Harris
County, the aggravated sexual assault of the complainant. No action was taken on
appellant’s Harris County case until he returned from Pennsylvania.
          From Pennsylvania, appellant sent the Harris County district court coordinator
two letters requesting that he be appointed counsel. The letters were accompanied by
affidavits of indigency. When no counsel was appointed, appellant moved for
dismissal with prejudice. The trial court denied appellant’s motion on December 23,
1997. Appellant argues that his case should be reversed and dismissed because the
trial court did not appoint counsel.



          Both the United States and Texas Constitutions guarantee the accused the right
to assistance of counsel in all criminal prosecutions. U.S. Const., amend. VI; Tex.
Const. art. I, § 10; see also Tex. Code Crim. Proc. Ann. arts. 1.05, 1.051 (Vernon
1977 and Supp. 2003). This right attaches only at or after the initiation of adversary
proceedings against the defendant. United States v. Gouveia, 467 U.S. 180, 187, 104
S. Ct. 2292, 2297 (1984). However, not every event following the inception of
adversary judicial proceedings is a “critical stage” invoking the right to counsel. 
Green v. State, 872 S.W.2d 717, 720 (Tex. Crim. App. 1994).
          A pre-trial proceeding is only “critical” if the accused requires aid in coping
with legal problems or assistance in meeting his adversary. United States v. Ash, 413
U.S. 300, 313, 93 S. Ct. 2568, 2575 (1973); Green, 872 S.W.2d 717 at 720. Because
there were no proceedings from the time of appellant’s indictment until appellant was
brought to Harris County, appellant was not deprived of counsel during a critical
stage of adversarial judicial proceedings. See id.
          We overrule point of error one.
Request to Proceed Pro Se
          In point of error two, appellant argues that the trial court erred in denying his
request to represent himself, pro se.
          While represented by counsel, appellant filed a pro se motion entitled,
“Defendant’s Ex Parte Motion to Vacate The Appointment of Counsel and To
Recognize the Defendant as Self-Represented” on the previous indictments in the
case. The State contends that “within the motion is also what in essence is a request
for hybrid representation.” We disagree with this characterization. In his motion,
appellant sought permission from the trial court to proceed pro se—nothing less. 
          The clerk’s record does not contain an order from the trial court denying
appellant’s request to proceed pro se. The abatement record, however, reflects that,
during the motion for new trial hearing, appellant questioned his trial counsel, Brian
Coyne, and asked if he remembered when the trial court denied appellant’s motion
to vacate appointment of counsel. Coyne did not recall the trial court’s ruling, and
appellant produced correspondence from the district clerk indicating that, on June 17,
1997, the trial court denied appellant’s motion to vacate appointment of counsel. The
district clerk’s letter was attached as an exhibit to the motion for new trial hearing. 
          Appellant relies on the district clerk’s letter as proof that the motion was
presented to and denied by the trial court. The clerk’s letter, however, is not a part
of the clerk’s record filed in this appeal. It is not dated and or authenticated in any
way. As such, it does not constitute evidence of an appealable order. The record also
does not contain a docket entry by the trial court reflecting a ruling on the motion. 
See Flores v. State, 888 S.W.2d 193, 195 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d) (holding that a signed docket entry evidences trial court’s ruling on motion to
suppress evidence). Because the record does not support appellant’s contention that
his motion to represent himself was presented to the trial court and was denied, we
hold that appellant has not properly preserved this point of error. See Tex. R. App.
P. 33.1.
          We overrule point of error two.
Motion to Suppress Evidence
          In point of error three, appellant contends that the trial court erred in overruling
his motion to suppress evidence seized from his apartment. He contends that the
seizure was illegal because (1) the warrant was based on a false allegation made
deliberately or with reckless disregard for the truth, and no probable cause existed
absent the false allegation; (2) many items were seized that were not within the
warrant’s scope;


 (3) the warrant was impermissibly vague; and (4) the warrant was
overbroad.
          In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. Romero v.
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court may accept or
reject all or any part of a witness’s testimony. Taylor v. State, 604 S.W.2d 175, 177
(Tex. Crim. App. 1980). In reviewing the trial court’s ruling on a motion to suppress
evidence, an appellate court does not engage in its own factual review and determines
only whether the record supports the trial court’s fact findings. Romero, 800 S.W.2d
at 543. If the trial court’s fact findings are supported by the record, an appellate court
may not disturb the findings unless the trial court abused its discretion. Cantu v.
State, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991). On appellate review, we address
only the question of whether the trial court properly applied the law to the facts. 
Romero, 800 S.W.2d at 543.
False Allegation
          Appellant argues that there were two false statements found within Special
Agent Young’s affidavit in support of the search warrant, and that the statements
were made knowingly or with reckless disregard for the truth.
          The first statement was that “Leachman in a 1993 arrest in Springfield,
Missouri for 3rd Degree Assault involving sexual crimes against children, advised
law enforcement that he is a freelance photographer, who specializes in photography
of children.” Appellant argues that this statement is grossly misleading given the fact
that the charges were dropped due to legal insufficiency of the evidence and that this
was, in fact, an assault charge, equivalent to a class C misdemeanor in Texas. 
Appellant also contends that Special Agent Young’s characterization of his arrest for
“sexual crimes” was inaccurate because they were neither sexual (because they were
simple assault charges), nor crimes (because they were dropped). The record does not
support appellant’s complaint. Young’s affidavit does not reflect whether the offense
was a felony or misdemeanor, and there is no evidence, other than appellant’s
complaint, that the information obtained from the law enforcement officers in
Missouri was incorrect.
          The second contested statement in Young’s affidavit was that “Leachman was
determined to have used computer accounts of Andrew Smith, described above, to
transmit the mentioned pornographic material.” Special Agent Young testified that
this statement was incorrect, but that even after redacting the incorrect statement, the
warrant “still stood.” Appellant contends that this admission is a prima facie showing
that Special Agent Young disregarded the truth. See Franks v. Delaware, 438 U.S.
154, 155-56, 98 S. Ct. 2674, 2676 (1978).


 The federal judge held that the affidavit
still supplied sufficient probable cause to support the warrant. We agree. We hold
that, after the admittedly incorrect statement is removed from the warrant, the
remaining content is sufficient to establish probable cause. Id. at 156, 98 S. Ct. at
2676.
Scope of Warrant
          More than 1000 photographs were seized from appellant’s apartment. 
Appellant contends that the seizure of any of the photographs exceeded the scope of
the warrant.
          Among other things, the federal search warrant authorized the seizure of
photographs. The paragraphs relating to the recovery of photographs were as
follows:
Any and all tapes, cassettes, cartridges, streaming tape, commercial
software and hardware, computer disks, disk drives, monitors, computer
printers, modems, tape drivers, disk application programs, data disks,
system disk operating systems, magnetic media floppy disks, tape
systems and hard drive and other computer related operation equipment,
in addition to computer photographs, graphic interchange formats and/or
photographs, slides or other visual depictions of such graphic
interchange format equipment which may be, or are used to visually
depict child pornography, child erotica, information pertaining to the
sexual interest in child pornography, sexual activity with children or the
distribution, possession or receipt of child pornography, child erotica or
information pertaining to an interest in child pornography or child
erotica.

          . . . .
 
Any originals and all copies and all negatives of visual depictions of
minors engaged in sexually explicit conduct as defined in Title 18,
United States Code, Section 2256.

          . . . .
 
Any and all materials and photographs depicting sexual conduct,
whether between adults or between adults and minors.

The photographs to be seized fell within four categories: (1) computer photographs
of graphic interchange format


 equipment; (2) child erotica;


 (3) all originals, copies,
and negatives of visual depictions of minors engaged in sexually explicit conduct, as
defined in Title 18, United States Code, Section 2256;


 and (4) any and all materials
and photographs depicting sexual conduct, whether between adults or between adults
and minors.
          Of the more than 1000 photographs seized, Special Agent Young admitted that,
with the possible exception of five or eight, none of the photographs seized
conformed to the seizure list. None of the photographs seized from appellant’s
apartment depicted minors engaged in sexually explicit conduct, as defined in Title
18, United States Code section 2256(2). None of the photographs seized depicted
sexual conduct, whether between adults or between adults and minors, and none of
the photographs seized were taken of computer equipment used for enabling data to
be processed into a visual image. The majority of the pictures were of clothed young
boys with an emphasis on their bare feet. Special Agent Young conceded that the
majority of the seized photographs were not supported by the warrant.
          Special Agent Young submitted a four-and-one-half-page, single-spaced,
typewritten affidavit along with his search warrant request. In the affidavit, he
outlined his experience, which included that he had been with the FBI for 26 years
and he was the field coordinator for the National Center for the Analysis of Violent
Crimes, which among other things, researches the sexual exploitation of children. 
          Young’s affidavit explained that, on March 4, 1995, graphic files containing
child pornography were discovered on the mainframe computer at the University of
Pittsburgh. An investigation revealed appellant was responsible for the pornographic
images, as well as electronic mail related to child pornography. In a 1993 arrest,
appellant admitted to photographing children and asking them to remove their shoes
and socks so he could lick their feet. Appellant also admitted to paying children to
remove all their clothing. During the interview after the 1993 arrest, appellant
admitted approaching several young boys at various times since his 18th
birthday and participating in group masturbation with them. [Appellant]
then advised he always keeps thousands of photographs and a camera
with him.

Special Agent Young’s affidavit further explained that the managers of appellant’s
apartment complex identified appellant from his 1993 arrest photo, but they knew him
as “Perry Hootman.” The managers told Young that numerous young males between
the ages of 10 and 12 had visited appellant’s apartment on a daily basis, and that the
children of several families told one of the managers that appellant had attempted to
photograph nude, young males.
          At trial, Officer Chapman testified that he worked in the juvenile division’s
child sexual abuse unit at the Houston Police Department, and he specialized in
Preferential Child Molesters, who are more commonly known as “pedophiles.” He
had worked on more than 1000 sexual abuse cases, and he was present when the
warrant was executed on appellant’s apartment.
          Officer Chapman testified that the seized photographs in this case were “child
erotica” in the context of this case. More than 95 percent of the photos were of male
children, and many of the photographs depicted bare feet. Officer Chapman also
testified that child erotica was something that might “seem innocent” or appear
“perfectly normal” to some people, but not to others. While taking or possessing the
pictures was not criminal, in this case, it was part of the arousal pattern satisfying
appellant’s foot fetish. Officer Chapman explained that playing “truth or dare,”
offering children money to do things, offering to let a child play on your computer,
chatting on the Internet with children, and tickling children’s feet are not in and of
themselves illegal, but combined with the complainant’s statement and Officer
Chapman’s experience with pedophiles, Officer Chapman considered these things to
be “signature” items and actions of a child predator.
          Given Officer Chapman’s expertise in the sexual exploitation of children, we
hold that it was reasonable for the officers to consider the more than 1000
photographs to be child erotica authorized by the warrant to be seized. See Lalande,
676 S.W.2d at 116.
 
Vague/Overbroad
          Appellant contends that the warrant was overbroad and vague. He did not raise
these grounds in the motion to suppress evidence. Grounds not raised in the motion
to suppress evidence and ruled on by the trial court cannot be raised for the first time
on appeal. Johnson v. State, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990).
          We overrule point of error three.
Admission/Exclusion of Evidence
          In points of error four and five, appellant argues that the trial court erred in
refusing to admit testimony regarding the complainant’s prior sexual behavior and
admitting hearsay when it admitted the outcry statements by the complainant’s
grandmother and Officer Chapman.
          We review a trial court’s decision to admit or exclude evidence using an abuse
of discretion standard. Montgomery v. State, 810 S.W.2d 372, 379–80 (Tex. Crim.
App. 1990); Nguyen v. State, 21 S.W.3d 609, 612 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d).
The Complainant’s Prior Sexual Behavior
          The complainant testified that appellant had asked the complainant if he knew
about sex, and the complainant told him, “yes, but I don’t like it.” Appellant asked
the trial court if he could question the complainant, outside the presence of the jury,
regarding the complainant’s prior sexual encounters to determine how he knew he did
not like sex. During his voir dire, the complainant testified that he had never had any
sexual contact before his encounter with appellant. After more questioning, the
complainant admitted that he had had sexual contact with a seven-year-old boy and
a 17-year-old boy.
          Appellant contends that he was entitled to present to the jury “that part of the
testimony where [the complainant] lied, under oath, about his previous sexual
contacts.” On appeal, appellant asserts that he was denied the right to confront and
cross-examine the complainant about allegations of previous sexual behavior in
violation of the confrontation clauses in the Sixth Amendment of the United States
Constitution and Article I, Section 10 of the Texas Constitution. See U.S. Const.
amend. VI; Tex. Const. art. I, § 10. Appellant argues that the complainant’s
testimony regarding “extraneous sexual activity” became relevant on three occasions:
(1)when [the complainant] denied, under oath, having any prior sexual contact at all, then—when confronted with his prior
statements regarding the seven-year-old—admitted its
occurrence;
 
(2)when [the complainant] admitted telling lies about Jarrod, another
adult with whom he alleged sexual contact; and 
 
(3)his prior statement regarding getting in trouble for sexual contact
with the seven-year-old, which was inconsistent with the declaration that he kept returning to Appellant’s apartment
because he didn’t know that sexual contact was wrong. 

          Texas Rule of Evidence 412(b) states that, in a prosecution for sexual assault
or aggravated sexual assault, evidence of specific instances of an alleged victim’s past
sexual behavior is not admissible, unless it is evidence that relates to the motive or
bias of the alleged victim and its probative value outweighs the danger of unfair
prejudice. Tex. R. Evid. 412(b)(2)(C), 412(b)(3). 
          Appellant further argues, however, that, when a state procedural rule does not
satisfactorily permit the defense to attack the credibility of a witness, the rule must
give way to the constitutional right. See Davis v. Alaska, 415 U.S. 308, 319, 94 S. Ct.
1105, 1112 (1974). The Texas Rules of Evidence generally prohibit evidence of
specific instances of an alleged victim’s past sexual behavior in a prosecution for
sexual assault, but such evidence must be admitted when constitutionally required. 
See Tex. R. Evid. 412(b)(2)(E). 
          The Sixth Amendment to the Constitution guarantees the right of an accused
in a criminal prosecution “to be confronted with the witnesses against him.” U.S.
Const. amend. VI; Davis, 415 U.S. at 315, 94 S. Ct. at 1110. “Confrontation means
more than being allowed to confront the witness physically.” Davis, 415 U.S. at 315,
94 S. Ct. at 1110. Its fundamental purpose is to secure for the opponent the
opportunity to cross-examine the accuser. Id. at 315–16, 94 S. Ct. at 1110.
          Although appellant has raised this constitutional issue in his appellate brief, he
raised no such argument before the trial court. Appellant asked the trial court for
permission to take the complainant on voir dire. During voir dire, the complainant
testified that he had never had sexual contact prior to his encounter with appellant. 
After more questioning, the complainant admitted that he had had sexual contact with
a seven-year-old boy. The complainant also divulged that he had been sexually
abused by a 17-year-old boy about five or six months before trial and that charges had
been filed, but he believed that the charges had been dropped. Appellant sought to
introduce this testimony before the jury, but the trial court overruled his request. 
When the trial court excluded the testimony, appellant’s trial counsel objected:
Judge, I would ask to be – uh – be allowed to go into this type of
testimony in front of the jury. I think that – uh – if nothing else, this
young man has at least shown a propensity for sexual activity that – uh
– is far beyond his years. It is also the type of activity which – uh – I
think he voluntarily engages in, and I think the jury is entitled to know
that.

The trial court denied appellant’s request to cross-examine the complainant on this 

issue. Appellant’s counsel further objected as follows:
 
Your Honor, I have another request. Since you won’t let me go into that
entire set of – uh – that entire testimony, can I go into the part where he
didn’t tell the truth on the witness stand about previously engaging in
sex? 

The trial court again denied the request. The jury was brought back into the
courtroom, and appellant’s counsel continued to cross-examine the complainant. The
complainant testified that “sometimes” he had trouble lying at school. He was
specifically asked if he had told “any lies about any other adults,” and the
complainant testified that he had told a lie about Jarrod.


 During a discussion at the
bench, the trial court instructed appellant’s counsel to “just ask him what he told on
Jarrod and move on to something else. I’m gonna eliminate that stuff if you’re
talking about other sexual acts.” Appellant’s counsel responded,
Your Honor, I think that any motive to lie is grounds for a Defense
Lawyer in Cross-Examination, and there are many cases on it. Any
animus that he might have is subject to Cross-Examination, any motive
to lie. 

          Constitutional errors may be waived or forfeited by a failure to make a timely
and specific assertion of the right. Boulware v. State, 542 S.W.2d 677, 682 (Tex.
Crim. App. 1976). Appellant’s trial objection must comport with the issue raised on
appeal, otherwise nothing is preserved for review. See Tex. R. App. P. 33.1(a)(1);
Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); Schultze v. State, 177
S.W.3d 26, 41 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).
          Appellant’s trial objections did not raise his constitutional rights, nor did they
apprise the trial court that the evidence should have been admitted under Rule
412(b)(2)(E). Accordingly, we hold that appellant failed to preserve error on the
issue of his constitutional right to confront the complainant and that the evidence was
admissible under Rule 412(b)(2)(E). See Wright v. State, 28 S.W.3d 526, 536 (Tex.
Crim. App. 2000) (holding that, when appellant objected to hearsay testimony, but
not under the Confrontation Clause, appellant waived the constitutional argument on
appeal); Eaves v. State, 141 S.W.3d 686, 691 (Tex. App.—Texarkana 2004, pet.
ref’d).
          We overrule point of error four.
Hearsay
          In point of error five, appellant contends that the trial court erred in admitting
hearsay when it allowed the outcry statements by the complainant’s grandmother and
Officer Chapman because no hearing was conducted to determine the reliability of
the statements.
          “Hearsay” is a statement, other than one made by the declarant while testifying
at the trial or hearing, offered in evidence to prove the truth of the matter asserted. 
Tex. R. Evid. 801(d). Hearsay is ordinarily inadmissible unless an exception applies. 
Tex. R. Evid. 802. The State asserts the complainant’s grandmother’s and Officer
Chapman’s statements were admissible as exceptions to the hearsay rule because their
statements were evidence of the complainant’s outcry. See Tex. Code Crim. Proc.
Ann. art. 38.072 (Vernon Supp. 2003). Among other requirements, the statute
provides that the statement is admissible if “the trial court finds, in a hearing
conducted outside the presence of the jury, that the statement is reliable based on the
time, content, and circumstances of the statement.” Tex. Code Crim. Proc. Ann. art.
38.072 § 2(b)(2) (Vernon Supp. 2003). Appellant’s only complaint on appeal is that,
because no hearing was conducted to determine the reliability of the statements, his
case should be reversed. The State concedes that it was error not to conduct a
hearing, but argues that the error was harmless.
          The Court of Criminal Appeals has instructed appellate courts that, when the
State fails to comply with article 38.072, they must engage in a harm analysis to
“quantify the effect of the error.” Dorado v. State, 843 S.W.2d 37, 38 (Tex. Crim.
App. 1992); Gay v. State, 981 S.W.2d 864, 867 (Tex. App.—Houston [1st Dist.]
1998, pet. ref’d). We will not reverse unless we conclude that the error affected a
substantial right of the appellant. See Tex. R. App. P. 44.2(b). A substantial right is
affected when the error had a substantial and injurious effect or influence in
determining the jury’s verdict. Kotteakos v. U.S., 328 U.S. 750, 776, 66 S. Ct. 1239,
1253 (1946); King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).
          Appellant contends that the only evidence of aggravated sexual assault was the
complainant’s statements. He argues that the repetition of these statements through
the complainant’s grandmother and Officer Chapman “bolstered [the complainant’s]
testimony and falsely enhanced his credibility, which was the ultimate issue at trial.”
          The complainant’s grandmother testified that she was driving with her
daughter, the complainant’s mother, and the complainant when he announced that he
had something to tell them, but he was afraid they would be mad at him. When asked
what the complainant told them, appellant objected as to hearsay. The State
responded that it was an outcry statement, and the trial court overruled the objection. 
The grandmother testified that the complainant told her that appellant “did stuff” to
him.
          The complained-of testimony actually added very little to the evidence before
the jury. Further, given the lack of detail, the statement failed to do more than
reiterate what the jury already knew—appellant spent some time with the
complainant. Thus, the testimony does not corroborate the complainant’s account of
the “molestation.” It merely corroborated the complainant’s statement that he had
told his grandmother and mother about appellant’s assault. The complainant did not
provide his grandmother or mother with any details of the assault.
          We hold that the record does not support a finding that appellant was harmed
by the trial court’s failure to conduct a hearing to determine the grandmother’s
reliability before allowing her to testify.
          Officer Chapman was also questioned about statements the complainant made
to him, and the trial court overruled appellant’s objections to the “hearsay” testimony.
          Before eliciting testimony from Officer Chapman concerning the complainant’s
statements, the State used Officer Chapman as an expert regarding sexual predators,
erotica, and deviant behavior. In part, Officer Chapman explained to the jury what
a “fetish” was and what types of pornography, erotica, and behavior indicated that a
person had a fetish. It was suspected that appellant had a foot fetish. The following
testimony was elicited in support of this theory:
State:And did [the complainant] mention to you in the course of
your contact with him an experience that he had with the
Defendant concerning his feet?
 
Defense: Your honor, I object to that. That calls for an answer based
on hearsay.

                              . . . .
 
          Court:          Objection’s overruled.
 
          Officer:        He did.

          We hold that the record does not support a finding that the appellant was
harmed by the trial court’s failure to conduct a hearing to determine Officer
Chapman’s reliability before allowing him to testify.
          Accordingly, we overrule point of error five.
Jury Argument
           In point of error six, appellant argues that the trial court erred in overruling
appellant’s objection to the State’s final argument.
          Proper jury argument falls into four categories: (1) summation of the evidence;
(2) reasonable deductions from the evidence; (3) responsive arguments; and (4) pleas
for law enforcement. McFarland v. State, 989 S.W.2d 749, 751 (Tex. Crim. App.
1999); Bias v. State, 937 S.W.2d 141, 143 (Tex. App.—Houston [1st Dist.] 1997, no
pet.). Appellate courts should not hesitate to reverse when it appears the State has
departed from one of these areas in argument and has engaged in conduct calculated
to deny the accused a fair and impartial trial. Wilson v. State, 938 S.W.2d 57, 59
(Tex. Crim. App. 1996). The State must confine its jury argument concerning the
defendant’s guilt to statements based upon properly admitted evidence. Campbell v.
State, 610 S.W.2d 754, 757 (Tex. Crim. App. 1980). The State may not strike at a
defendant over the shoulders of his counsel or impugn the integrity of defense
counsel. Fuentes v. State, 664 S.W.2d 333, 335 (Tex. Crim. App. 1984).
          We apply the three factors established by the Court of Criminal Appeals for
analyzing harm from improper jury argument in Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998). The factors are: (1) severity of the misconduct (the
magnitude of the prejudicial effect of the prosecutor’s remarks); (2) measures adopted
to cure the misconduct (the efficacy of any cautionary instruction by the judge); and
(3) the certainty of conviction absent the misconduct (the strength of the evidence
supporting the conviction). Id.   A prosecutor may strike hard blows, but not foul
ones. Washington v. State, 16 S.W.3d 70, 73 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d).
          Appellant refers to two places in the State’s closing where he contends the
prosecutor “attacks” defense counsel. The first of the two references was made
without objection at trial; therefore, error was not preserved. Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996).
          The second allegedly objectionable portion of the State’s closing was when the
prosecutor stated,
State:Now, on Cross-Examination, when Defense Counsel was beating
on [the complainant], and beating on him, and beating on him,
yeah, he might have gotten a little confused. But, ladies and
gentlemen, you heard him on Direct testimony when he didn’t
have a lawyer who was beating on him, and screaming at him, and
yelling at him, and arguing with him.
 
Appellant’s counsel: Judge, I’m gonna object to the characterization. 
She’s attacking the Defendant over the shoulder of Counsel, and
I would ask that you instruct the jury to disregard that because it’s
certainly not true.

The trial court overruled appellant’s objection.
          Appellant relies on Gomez v. State, 704 S.W.2d 770 (Tex. Crim. App. 1985),
for the proposition that final arguments that constitute uninvited and unsubstantiated
accusations of improper conduct directed at a defendant’s attorney can be reversible
error even with an instruction to disregard. Id. at 771. In Gomez, however, the
prosecutor accused the defense attorney of “manufacturing evidence.” Id. Appellant
also directs us to Sunday v. State, 745 S.W.2d 436 (Tex. App.—Beaumont 1988, pet.
ref’d), which held that an argument attacking defense counsel in an effort to inflame
the minds of the jury to the accused’s prejudice cannot be condoned. Id. at 440. In
Sunday, the prosecutor stated that the defendant’s testimony changed after he hired
his attorney. Id. The cases cited by appellant to support his argument involve
personal attacks by the prosecutor that overtly call into question the ethics of the
defense counsel and the credibility of the defense. See Sawyer v. State, 877 S.W.2d
883, 886 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). These cases are easily
distinguished from the case before us.
          The prosecutor was not attacking counsel. She did not accuse trial counsel of
lying, manufacturing evidence, or engaging in improper conduct. The prosecutor’s
comments were not calculated to convey to the jury the impression that appellant’s
counsel acted in bad faith or insincerity. See Fuentes v. State, 664 S.W.2d 333, 335
(Tex. Crim. App. 1984). While we do not condone or encourage the prosecutor’s
word choice, the comments were an attempt to rehabilitate the complainant’s
credibility after appellant put it in issue during his closing arguments.
          We overrule point of error six.
Motion for New Trial
          In point of error eight, appellant argues that, after the appeal was abated for a
hearing on appellant’s motion for new trial, the trial court abused its discretion in
denying appellant’s motion for new trial.
          We review a trial court’s denial of a motion for new trial for abuse of
discretion. Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). The trial
court is given great deference, and may be overruled only if its decision is arbitrary
or unreasonable. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). The
credibility of witnesses is primarily a determination for the trial court. Taylor v. State,
945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist] 1997, pet. ref’d). Accordingly,
the trial judge may accept or reject any or all of the witnesses’ testimony. Id. The
trial judge is not required to believe a defendant’s testimony or evidence simply
because it is uncontroverted. Johnson v. State, 571 S.W.2d 170, 173 (Tex. Crim. App.
1978); Messer v. State, 757 S.W.2d 820, 828 (Tex. App.—Houston [1st Dist.] 1988,
pet. ref’d.). We afford almost total deference to a trial court’s determination of
historical facts that the record supports, especially when the findings are based on the
evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997). The defendant generally has the burden of proof on a motion for
new trial. Patrick v. State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995).
          To show ineffective assistance of counsel, an appellant must demonstrate that
(1) counsel’s representation fell below an objective standard of reasonableness based
on prevailing professional norms, and (2) but for counsel’s errors, there is a
reasonable probability the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064-65, 2068
(1984). This standard of proof of ineffective assistance applies to the punishment
phase as well as to the trial stage of criminal proceedings. Hernandez v. State, 726
S.W.2d 53, 57 (Tex. Crim. App. 1986). A “reasonable probability” is defined as “a
probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S.
at 694, 104 S. Ct. at 2068; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). It is an
appellant’s burden to prove a claim of ineffective assistance of counsel by a
preponderance of the evidence. Thompson, 9 S.W.3d at 813. The appellant must
satisfy both prongs of the Strickland test, or the claim of ineffective assistance will
fail. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).
          We must look to the “totality of the representation and the particular
circumstances of each case” in evaluating the effectiveness of counsel. Thompson,
9 S.W.3d at 813. In so doing, we recognize the strong presumption that counsel’s
performance fell within the wide range of reasonable professional assistance. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813. As the
Supreme Court observed:
It is all too tempting for a defendant to second-guess counsel’s
assistance after conviction or adverse sentence, and it is all too easy for
a court, examining counsel’s defense after it has proved unsuccessful,
to conclude that a particular act or omission of counsel was
unreasonable.

Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. To defeat the presumption of
reasonable professional assistance, “any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).
          Here, both appellant and appellant’s lawyer, Brian Coyne, testified during the
motion for new trial. There were also numerous exhibits admitted, including a three-page affidavit from Coyne in which he explained his actions.
          Appellant contended that his trial counsel was ineffective because he was
“unprepared for trial, failed to engage in meaningful plea bargaining, failed to present
relevant evidence, failed to object to inadmissible evidence, opened the door to highly
prejudicial evidence, and allowed an expert witness to testify that [the complainant]
was credible.”
          Assuming, without deciding, that appellant’s trial counsel was ineffective,
appellant has failed to address the second prong of Strickland. He has neglected to
show that, but for counsel’s errors, there is a reasonable probability the result of the
proceeding would have been different. See Strickland, 466 U.S. at 687-88.
          We overrule point of error eight.
Fair Appeal
          In point of error nine, appellant contends he is being denied a fair appeal
because he properly designated items for the record that are not included. 
Specifically, appellant contends that we cannot evaluate harm unless we have had an
opportunity to view the photographs that were admitted at trial, the PSI report, and 
two affidavits generated by appellant.
          The State responded that “the admitted photos of young boys, although they
may not be pornography, should not be copied and made part of the record sent to
appellant in the penitentiary.” Regardless, the complained-of omissions from the
record were not necessary for us to hold that the trial court did not abuse its discretion
when it found that appellant did not, by a preponderance of the evidence, prove that
his trial counsel was ineffective and, but for the ineffectiveness, the outcome would
have been different. See id.
          We overrule appellant’s point of error nine.
Conclusion
          We affirm the judgment of the trial court.
 

                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.
                                                                                  
Do not publish. Tex. R. App. P. 47.2(b).